### UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **TAUHEEDAH JACKSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-23-1048-G** |
| | ) | |
| **BRICE CARTER et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### ORDER

On November 16, 2023, Plaintiff Tauheedah Jackson filed a pro se Complaint (Doc. No. 1), raising employment discrimination and harassment claims against four defendants.[1] Now before the Court is the Motion to Compel Arbitration (Doc. No. 9) filed by Defendants Fox Restaurant Concepts LLC ("Fox") and Flower Child Holding Company LLC ("Flower Child") (collectively, "Defendants"). Plaintiff has not responded to the Motion within the time allowed by the Court's local rule. *See* LCvR 7.1(g).

Defendants' Motion to Compel Arbitration requests that this Court stay this action and compel Plaintiff to submit her claims against these Defendants to arbitration pursuant to an arbitration agreement digitally signed by Plaintiff on September 28, 2021. *See* Defs.' Mot. at 2-7; *id.* Ex. 1, Mutual Agreement to Arb. Claims (Doc. No. 9-1).[2] This Agreement

---

[1] The docket reflects that Defendants Brice Carter and Flowerchild Restaurant have not been served and have not appeared in this action.

[2] Although Defendants suggest that the Court should first dispose of their pending motion to dismiss, and then send any remaining claims to arbitration, they cite no authority for this bifurcated approach. The Court declines to take this inefficient path. *Cf.* Mutual Agreement to Arb. Claims at 1 ("The Company and I understand and agree that, by signing this Agreement, we are expressly waiving any and all rights to a trial before a judge and/or

provides that certain disputes between Plaintiff and Fox, as well as Fox's subsidiaries and affiliated entities, arising out of Plaintiff's employment or separation from employment with Fox, shall be arbitrated before a neutral arbitrator pursuant to the Federal Arbitration Act ("FAA").  *See* Mutual Agreement to Arb. Claims at 1.[3]  These disputes include claims under federal or state statutes prohibiting discrimination, harassment, or retaliation in employment.  *See id.* (citing Title VII, the ADEA, and the ADA).

Although Plaintiff has been actively prosecuting this action, she elected not to file an objection or other response to Defendants' Motion to Compel Arbitration.  Accordingly, the factual representations therein are deemed confessed.  *See* LCvR 7.1(g).

"[A] court asked to compel arbitration of a dispute" must "determine whether the parties agreed to arbitrate that dispute."  *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985).  The Court finds that the relevant policy presents an agreement between the parties to arbitrate certain disputes.  Further, Plaintiff has offered no refutation to Defendants' claim that the instant dispute regarding Plaintiff's employment falls within the scope of this arbitration agreement, and this proposition is supported by the allegations of the Complaint.  *See* Compl. at 3 (identifying as the basis for federal jurisdiction Title VII, the ADEA, and the ADA).

---

a jury regarding any disputes and claims which we now have or which we may have in the future that are subject to arbitration under this Agreement."); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983) ("[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.").

[3] Defendant Fox is the parent company of Defendant Flower Child, which was Plaintiff's employer.  Defs.' Mot. to Compel Arbitration; *see id.* Ex. 2, Gerome Decl. ¶¶ 1-2 (Doc. No. 9-2).

Based on Defendants' unopposed Motion and the record before the Court, the Court finds that the parties agreed to arbitrate the relevant dispute and that Defendants Fox and Flower Child are entitled to a stay of the claims against them pending Plaintiff's pursuit of those claims in an appropriate arbitral forum.

CONCLUSION

For the foregoing reasons, Defendants' Motion to Compel Arbitration (Doc. No. 9) is GRANTED.

Based upon the directive of 9 U.S.C. § 3, the Court STAYS all claims brought by Plaintiff Tauheedah Jackson against Defendant Fox Restaurant Concepts LLC and Defendant Flower Child Holding Company LLC in this matter and REFERS those claims to arbitration.

Defendants' Motion to Dismiss (Doc. No. 8) and Plaintiff's Motion for Mediation (Doc. No. 16) are DENIED as moot.

IT IS SO ORDERED this 6th day of May, 2024.

CHARLES B. GOODWIN
United States District Judge